SANDRA C. ISOM, Bar No. 157374
E-mail: scisom@fedex.com
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
Telephone: 901/434-8526
Fax No.:    901/434-9271

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FORRAND, ARA KARAMIAN, YVETTE GREEN, and EUGENE COLON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | Case No. 2:2008-CV-01360 DSF (PJW)<br><br>**JOINT REPORT ANALYZING RELATED WAGE AND HOUR CASES CURRENTLY PENDING AGAINST DEFENDANT IN JUDGE FISCHER'S COURT** |

**COME NOW** the parties in the above-styled lawsuit, and <u>Lauderdale v. Federal Express Corporation</u>, Case No. CV 11-902 DSF (PJWx), and for their joint report analyzing related wage and hour cases currently pending against the Defendant in this Court, state:

**A. Genesis of Report.**

On February 11, 2011, a status conference was held in the <u>Forrand</u> wage and hour class action. During the conference, the parties were ordered to meet and confer with counsel in any related wage and hour class actions pending before Judge Fischer ("related actions"), to discuss whether they should be consolidated and how they should proceed, including whether the cases (or specific claims) should be stayed until

the California Supreme Court issues its decision regarding meal and rest breaks in Brinker v. the Superior Court of San Diego County. Forrand and Lauderdale are the only two wage and hour cases currently pending against FedEx in this Court.

The Court also ordered counsel for the respective parties in the Forrand case to advise the Court as to whether the pay for all hours worked claim should be stayed until Brinker is decided.

### B. Degree of Overlap in Forrand and Lauderdale.

Forrand was brought on behalf of a class of all California hourly employees, except couriers and customer service agents, and included a specific sub-class of aircraft mechanics. The remaining Plaintiff, Green, a handler, alleges that putative class members were denied meal and rest breaks and pay for all hours worked.

Lauderdale was brought on behalf of a class of all California couriers, and asserts the following nine claims: (1) FedEx requires its couriers to work off the clock, resulting in unpaid overtime, in violation of California Labor Code Section 210;[1] (2) failure to pay minimum wages due to time worked off the clock, in violation of Labor Code Section 1197 and IWC Wage Order No. 9; (3) failure to pay split shift premiums, in violation of Labor Code Section 1198 and Wage Order No. 9; (4) failure to pay reporting time pay when couriers report for work but are furnished with less than half their usual or scheduled day's work, in violation of Labor Code Section 1198 and Wage Order No. 9; (5) failure to provide meal breaks at the requisite times and for the requisite duration, in violation of Labor Code Section 226.7; (6) failure to provide rest breaks, in violation of Labor Code Section 226.7; (7) failure to provide accurate, itemized wage statements, in violation of Labor Code Section 226(a); (8) failure to timely pay couriers their wages, in violation of Labor Code Section 204; and (9) unfair labor practices, in violation of California Business and Professions Code Sections 17200, *et seq.*

---

[1] All citations to the Labor Code are to the California Labor Code.

### C. Position of the Parties in Forrand and Lauderdale.

Counsel in Forrand and Lauderdale met and conferred on February 22, 2011, in compliance with Judge Fischer's order of February 11, 2011, described in section A above. The Forrand plaintiffs were represented by Andre Jardini, Federal Express Corporation was represented by Sandra Isom and David Wilson, and Lauderdale was represented by Sue Kim, Mark Estrella and David Medby. During this meeting, all of the parties agreed that consolidation would not be appropriate or helpful given the fact that there is no overlap of the putative class members in Forrand and Lauderdale, Lauderdale asserts many more claims than Forrand, and Forrand is much further along in the litigation process than Lauderdale.

In addition, in light of the Ninth Circuit's finding in Forrand that the meal and rest break claims in Forrand should be stayed, defense counsel believes that a stay of the meal and rest break claims in Lauderdale is appropriate. Lauderdale's counsel believes, however, that the meal and rest break claims in Lauderdale should not be stayed. All of the parties agree that the non-meal and non-rest break claims should not be stayed at this time, because Brinker deals only with meal and rest breaks.

### D. Position of the Parties in Forrand Regarding the Pay for All Hours Worked Claim.

The parties in Forrand agree that the pay for all hours worked claim should not be stayed at this time due to Brinker because Brinker only addresses meal and rest breaks and that a briefing schedule should be set. Plaintiff requested further discovery before the briefing. Defendant objected on the grounds that discovery had already closed and that the Ninth Circuit's decision did not suggest a basis for re-opening discovery. The Court indicated that after it decided the issue of whether it would stay the pay for all hours worked claim, it would then address issues related to briefing and

discovery, if necessary.

DATED: February 25, 2011          Respectfully submitted,

                                  FEDERAL EXPRESS CORPORATION

                                  /s/Sandra C. Isom
                                  SANDRA C. ISOM, Attorney for
                                  Defendant, Federal Express Corporation
                                  in Case No. 2:2008-CV-01360 DSF (PJW)
                                  *Daniel Forand, et al. v. FedEx*

DATED: February 28, 2011          **KNAPP, PETERSEN & CLARKE**

                                  /s/Andre E. Jardini
                                  ANDRE E. JARDINI, ESQ., Attorney for
                                  Plaintiffs, Daniel Forrand, Ara Karamian,
                                  Yvette Greene and Eugene Colon
                                  in Case No. 2:2008-CV-01360 DSF (PJW)
                                  *Daniel Forand, et al. v. FedEx*

DATED: February 28, 2011          **FEDERAL EXPRESS CORPORATION**

                                  /s/David S. Wilson, III
                                  DAVID S. WILSON, III, Attorney for
                                  Defendant, Federal Express Corporation
                                  in Case No. CV 11-902 DSF (PJWx)
                                  *Cedric Lauderdale v. FedEx*

DATED: February 28, 2011          **INITIATIVE LEGAL GROUP, APC**

                                  /s/Sue J. Kim
                                  Mark P. Estrella, Esq.
                                  David M. Medby, Esq.
                                  Sue J. Kim, Esq., Attorneys for
                                  Plaintiff, Cedric Lauderdale in
                                  Case No. CV 11-902 DSF (PJW)
                                  *Cedric Lauderdale v. FedEx*

860570

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On February 28, 2011, I served the within document(s):

**JOINT REPORT ANALYZING RELATED WAGE AND HOUR CASES CURRENTLY PENDING AGAINST DEFENDANT IN JUDGE FISCHER'S COURT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with O.C. Corporate Courier Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

Mark P. Estrella, Esq.
David M. Medby, Esq.
Sue J. Kim, Esq.
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Glen Robert Bregman, Esq.
Law Offices of Robert Bregman
16633 Ventura Blvd., #1240
Encino, CA 91436
glenbregmanlaw@aol.com

Attorneys for Plaintiff Cedric Lauderdale
on behalf of himself and all others similarly situated

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 28, 2011, at Irvine, California.

/s/ Lilly Hernandez
Lilly Hernandez