1  SANDRA C. ISOM, Bar No. 157374
   E-mail:  scisom@fedex.com
2  R. JEFFERY KELSEY (*pro hac vice*)
   E-mail: jkelsey@fedex.com
3  EMILY C. PERA (*pro hac vice*)
   E-mail: emily.pera@fedex.com
4  BEN J. SCOTT (*pro hac vice*)
   E-mail: ben.scott@fedex.com
5  Federal Express Corporation
   3620 Hacks Cross Road
6  Building B, 3rd Floor
   Memphis, TN  38125
7  Telephone:  901/ 434-8600
   Facsimile:   901/434-9271
8
   DAVID S. WILSON, III,
9  Bar No. 174185
   E-mail: dwilson@fedex.com
10 Federal Express Corporation
   2601 Main Street Suite 340
11 Irvine, CA 92614
   Telephone: 949/862-4656
12 Facsimile: 949/862-4605

13 Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION
14

FILED
CLERK, U.S. DISTRICT COURT

NOV  5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

15            UNITED STATES DISTRICT COURT

16         FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  DANIEL FORRAND, ARA KARAMIAN, YVETTE GREEN and EUGENE COLON, on behalf of 18  themselves and all others similarly situated, 19 | Case No.  CV08-1360 DSF (PJWx) **STIPULATION AND PROTECTIVE ORDER OF DISCOVERY MATERIALS** |
| 20              Plaintiffs, 21      v. 22  FEDERAL EXPRESS CORPORATION, 23              Defendant. | |

24
25
26
27
28

                                    1        STIP. & ORDER RE: PROTECTION OF DISCOVERY
                                             MATERIALS-C08-1360 DSF (PJWx)

The parties herein stipulate to the entry of a protective order pursuant of Fed. R. Civ. P. 26(c), in order to facilitate discovery and protect privacy and proprietary interests of parties and non-parties.

1.      In connection with discovery proceedings in this action, the parties may reasonably designate any appropriate document, thing, material, electronic data, testimony or other information derived therefrom as "Confidential" under the terms of this Stipulation.

2.      The term "Confidential Information" includes (a) proprietary technical information and specifications, (b) trade secrets, (c) confidential know-how, (d) proprietary business and financial information, (e) private or confidential employment or client information and documents, and (f) any other information the disclosure of which is likely to have the effect of causing harm to the competitive position of the person, partnership, corporation, or other organization from which the information is obtained.

3.      Confidential Information shall not include any material or information that has been or will become lawfully in the possession of the party receiving the same ("Receiving Party") through non-confidential communications other than production or disclosure in this action; has been or becomes part of the public domain by publication or otherwise and not due to any authorized act or omission on the part of the Receiving Party; or has been independently developed as evidenced by written record.

STIP. & ORDER RE: PROTECTION OF DISCOVERY
MATERIALS-C08-1360 DSF (PJWx)

4.      All Confidential Information produced or exchanged in the course of this civil action shall be used solely for the purpose of preparing for and conducting this civil action, including trial and any appeals therefrom, and shall not be used in any other civil actions or for any other purposes.

5.      Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose Confidential Information to:

(a)     The attorneys of record in this action, including any necessary clerical staff, support staff, and other attorneys employed by the law firms.

(b)     Agents, representatives, and employees (including former employees of Defendant), as it necessary to prepare this case for litigation.

(c)     Persons independent from any of the parties to this action who are consulted or retained as experts under Fed. R. Civ. P. 26 in connection with this action (and secretarial and clerical staff of such experts).

(d)     Court personnel (including stenographic reporters) and any law clerk, paralegal, secretarial, clerical, or other court personnel, providing the information is provided under seal.

(e)     An officer before whom a deposition is taken, including stenographic reporters, videographers and any secretarial, clerical, or other lay personnel assisting such officer, provided the information is marked and maintained as separate confidential excerpts and exhibits.

STIP. & ORDER RE: PROTECTION OF DISCOVERY
MATERIALS-C08-1360 DSF (PJWx)

(f)     Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action, and in the course thereof, relying upon such attorney's examination of material or information designated as Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any material or information designated as Confidential Information to any person not entitled to access to the Confidential Information pursuant to the terms of paragraph 5 above.

6.     The persons entitled to have access to Confidential Information pursuant to the terms of paragraph 5 shall sign the "Acknowledgment of Obligation" attached hereto as Exhibit A and shall not make available such Confidential Information to any person other than (i) those persons entitled to such access pursuant to the terms of paragraph 5, (ii) the parties who produced the Confidential Information, or (iii) deposition witnesses as described in paragraph 9, below.

7.     Documents and other discovery materials containing Confidential Information shall be designated as such by marking each page of each document or other discovery material with the following language (or comparable language with the same meaning):

CONFIDENTIAL-
SUBJECT TO CONFIDENTIALITY ORDER

A physical specimen or thing containing Confidential Information such as a disk containing electronic data shall be designated as such by marking such physical

specimen or thing with a legend including the phrase "CONFIDENTIAL" as

appropriate. The electronic data need not contain the designation.

      8.     Unauthorized or Inadvertent Disclosures.

          (a)    In the event that information that a party believes is entitled to

protection as Confidential information is accidentally or inadvertently produced

without being properly designated, or any inspection proceeds without the proper

designation hereunder, the Producing Party may notify the Receiving Party in writing

immediately, demanding its return or destruction, and the Receiving Party shall

thereafter treat the information as Confidential Information. Within twenty (20) of

notifying the Receiving Party, the Producing Party shall provide properly marked

documents. Upon receipt of properly marked documents, the Receiving Party shall

return or destroy said unmarked documents and things and any copies thereof to the

extent practicable. If, prior to receiving such written notice, the Receiving Party

disseminated the Confidential Information to individuals not authorized to receive it

hereunder, it shall notify the Producing Party immediately and make a reasonable

effort to retrieve the Confidential Information or to otherwise assure that the

recipient(s) maintain the confidentiality of the Confidential Information. Compliance

with the foregoing shall not prevent either party from seeking further relief from the

Court.

///

STIP. & ORDER RE: PROTECTION OF DISCOVERY
MATERIALS-C08-1360 DSF (PJWx)

(b)     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order, and (d) request such person or persons to execute the "Acknowledgment of Obligation" attached hereto as Exhibit A.

9.     Confidentiality of Depositions.

(a)     Information disclosed at the deposition of any person who is at the time of examination or was previously employed by, an agent of, or affiliated with the Producing Party or any division, subsidiary, parent or affiliate of the Producing Party, or of experts retained by counsel for any party for purposes of this litigation, including both testimony and exhibits, may be designated as Confidential Information by indicating on the record at the deposition that the testimony and/or exhibit is subject to the provisions of this Stipulation and Order.  This Stipulation and Order shall not prevent a party from attempting to examine as witnesses at depositions persons who are not authorized, pursuant to paragraph 5, to receive material or information designated as Confidential Information to which the witness has prior knowledge, as demonstrated by the document itself, or by foundation testimony at deposition, or by other circumstances showing that the witness would be reasonably expected to have

6

had prior access to the document or the Confidential Information, or is otherwise familiar with the Confidential Information but only to the extent of that person's familiarity. This Stipulation and Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of material or information designated as Confidential Information, so long as such examination is in a manner that does not disclose the details of the material or information designated as Confidential Information. In obtaining foundation testimony at deposition, if the examiner first establishes that the witness previously had authorized access to the subject material or information designated as Confidential Information, the witness may be shown such portions of the Confidential Information as may be reasonably necessary to determine whether the witness had prior knowledge of the subject material of information.

(b)  A party may also designate Confidential Information disclosed at such a deposition by notifying the other parties, during the course of the deposition.

(c)  Notwithstanding anything to the contrary herein, any deponent may review the transcript of his own deposition at any time.

10.  If any party files Confidential Information (including Confidential portions of documents or transcripts) or any document, pleading or brief which discloses the substance or content of Confidential Information in connection with any motion, other written submission, hearing or trial in this action, the parties shall comply with Paragraph 6 of Judge Dale S. Fischer's Standing Order, and the filing

STIP. & ORDER RE: PROTECTION OF DISCOVERY
MATERIALS-C08-1360 DSF (PJWx)

party shall file a motion to seal such Confidential Information in accordance with the Local Rules; provided, however, that the burden of proving that such Confidential Information should be sealed under the Local Rules shall at all times remain on the party that designated the Confidential Information as such.

11.     The parties will use reasonable care to avoid designating as Confidential Information any documents or information which have been published or can otherwise be shown to be publicly available.  The acceptance of materials or information designated as Confidential Information by a Receiving Party shall not constitute an admission or concession or permit an inference that the material or information designated as Confidential Information is, in fact, Confidential.  A party shall not be obligated to challenge the confidentiality of a designation as Confidential Information at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event of a dispute with respect to the designation of any discovery material as Confidential Information, counsel shall attempt to resolve their dispute on an informal basis before presenting the matter to the Court for resolution.  Until such time as the challenge is resolved, such Confidential Information shall be maintained in accordance with this Stipulation and Order.

///

///

///

STIP. & ORDER RE: PROTECTION OF DISCOVERY
MATERIALS-C08-1360 DSF (PJWx)

12.    Documents and things designated as containing Confidential Information and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this action in a secure place, except as reasonably necessary to provide access to persons authorized under the provisions of this Stipulation and Order.  Each recipient of any Confidential Information produced in this action hereby agrees to be subject to the jurisdiction of this Court for the purpose of the implementation and enforcement of this Stipulation and Order.

13.    Within sixty (60) days after final termination of this action, including all appeals, each party shall assemble all documents and things furnished and designated by any other party as containing Confidential Information and all copies of such materials, including electronic versions to the extent feasible, and return or destroy all such material, such election to be made by the Receiving Party.  The attorneys of record for each party shall be entitled to retain copies of all pleadings, motion papers, discovery responses, depositions and trial transcripts, exhibits, legal memoranda, correspondence, attorney work product, and any other documents related to this litigation, provided said attorney and the employees of said attorney shall not disclose such information except pursuant to a written agreement with the disclosing party or as compelled by law.

14.    This Stipulation and Order is without prejudice to the right of any party to seek modification by the Court of any of the terms of this Stipulation and Order, or to present to the Court any matter which is the subject of this Stipulation and Order.

9

STIP. & ORDER RE: PROTECTION OF DISCOVERY
MATERIALS-C08-1360 DSF (PJWx)

15.     The terms of the Stipulation and Order shall survive the final termination of this civil action to the extent that any Confidential Information is not or does not become known to the public.

16.     A determination that information designated by another party as Confidential Information is not Confidential Information shall not be made unilaterally by any Receiving Party, but rather, a challenge to the propriety of a designation of Confidential Information shall be made in accordance with paragraph 11. Until a challenge is resolved in accordance with paragraph 11, the challenged information shall be treated as Confidential Information under the terms of this Stipulation and Order.

17.     Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to seek additional protection of Confidential Information or challenge the propriety of discovery on other grounds, such as privilege, work product, relevance, etc., and nothing contained herein shall be construed as a waiver of any objection that might be raised as to the admissibility at trial of any evidentiary material.

18.     The Stipulation and Order may be amended by the agreement of counsel for the parties, subject to the approval of the Court, provided it is in the form of a stipulation that shall be filed with the Clerk and made part of the record in this civil action.

///

STIP. & ORDER RE: PROTECTION OF DISCOVERY
MATERIALS-C08-1360 DSF (PJWx)

19.     This Stipulation and Order shall be without prejudice to the right of any party to apply to the Court for such further stipulation and order under the provision of the Federal Rules of Civil Procedure, the Local Rules, or as justice may require.

Dated:  ___10/24/12_____          Dated:  _____10/30/12_____

FOR PLAINTIFFS:                          FOR DEFENDANT:

By: /s/Andre E. Jardini                  By: __/s/Sandra C. Isom_____
    Andre E. Jardini                        Sandra C. Isom

ANDRE E. JARDINI, BN 71335       SANDRA C. ISOM, BN 157374
KNAPP, PETERSON & CLARK          FEDERAL EXPRESS CORPORATION
550 North Brand Boulevard        3620 Hacks Cross Road
Suite 1500                       Building B, Third Floor
Glendale, California 91203       Memphis, TN 38125
Telephone: 818-547-5000          Telephone:  901-434-8526
Fax No.:    818-547-5329         Fax No.:    901-434-9271
E-mail: aej@kpclegal.com         E-mail: scisom@fedex.com

IT IS SO ORDERED.

Dated 11/5/2012

*Patrick J. Walsh*

Patrick J. Walsh
U.S. MAGISTRATE JUDGE

11          STIP. & ORDER RE: PROTECTION OF DISCOVERY
            MATERIALS-C08-1360 DSF (PJWx)

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FORRAND, ARA KARAMIAN, YVETTE GREEN and EUGENE COLON, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>            Defendants. | Case No. C 08-1360 DSF (PJWx)<br><br>**ACKNOWLEDGMENT OF OBLIGATION** |

I, _____ state:

I reside at _____ in the city/county of _____

I am presently employed as (position) _____by (state name and

address of employer) _____

I have read the STIPULATION AND ORDER entered in the above action

(hereinafter "STIPULATION AND ORDER") and am fully familiar with and

agree to comply with and be bound by the provisions of that STIPULATION

AND ORDER.  I agree that I will not divulge Confidential Information to

persons other than those specifically authorized by the STIPULATION AND

ORDER,  and will not copy, use, or disclose any such information except as

<table>
<tr><td>12</td><td>STIP. & ORDER RE: PROTECTION OF DISCOVERY MATERIALS-C08-1360 DSF (PJWx)</td></tr>
</table>

provided for by the STIPULATION AND ORDER.  At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Information which may have come into my possession, and will return all documents or things I have prepared relating to ore reflecting such Confidential Information.  An accurate copy of my curriculum vitae and publication list is hereby attached.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____        _____
                          (date)                                        (signature)

13        STIP. & ORDER RE: PROTECTION OF DISCOVERY
              MATERIALS-C08-1360 DSF (PJWx)