UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 08–1360 DSF (PJWx) | Date | 4/25/13 |
|---|---|---|---|
| Title | Daniel Forrand, et al. v. Federal Express Corp. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's Motion to Certify Class (Docket No. 116)

Plaintiff Yvette Green seeks certification of a class of: (1) all California hourly, non-exempt employees of Defendant Federal Express Corporation (FedEx) who used the FAMIS timekeeping system and who were paid from their scheduled start time to their scheduled end time instead of from clock-in to clock-out from September 11, 2003 to April 1, 2006 (Unpaid On-the-Clock Class) with the exception of couriers, courier/handlers, and customer service representatives excluded under the Superior Court of California, Los Angeles County case, Foster v. Fed. Express Corp., No. BC282300; and (2) all California hourly, non-exempt FedEx employees who used FAMIS with job codes beginning with "R" and "F" who have worked during their unpaid meal break from September 11, 2003 to June 30, 2007 (Working Meal Break Class).[1]

## I.   FACTS[2]

FedEx is an express transportation and shipping company. (FAC ¶ 6.) Green began her employment for FedEx in June 2004 as a non-exempt hourly employee who

---

[1] Green does not designate the second proposed class as California-only but the First Amended Complaint (FAC) makes clear that Green seeks relief only for California FedEx employees. (FAC ¶ 39.) Green only brings claims under California law. (Id. ¶¶ 47–56, 58–64.)

[2] The Court accepts the allegations in the FAC as true only for the purposes of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

worked as a handler and customer service agent in FedEx's Stockton Station in Stockton, California. (Id. ¶¶ 24–25.) Green contends that FedEx failed to pay hourly employees for work during unpaid meal and rest breaks. (Id. ¶¶ 27, 28, 48.) Green also contends that FedEx failed to pay for all hours worked, including off-the-clock work. (Id. ¶¶ 26, 48, 50.)

## II.  LEGAL STANDARD

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." Wang v. Chinese Daily News, Inc., 709 F.3d 829, 832 (9th Cir. 2013). Rule 23(a) "requires a party seeking class certification to satisfy four requirements: numerosity, commonality, typicality, and adequacy of representation." Id. (citing Wal-Mart Stores, Inc. v. Dukes, — U.S. —, 131 S. Ct. 2541, 2551 (2011)). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

"Class certification is proper only if the trial court has concluded, after a 'rigorous analysis,' that Rule 23(a) has been satisfied. Chinese Daily News, 709 F.3d at 833 (quoting Wal-Mart, 131 S. Ct. 2541, 2551 (2011) (citation omitted)). The proponent of the class bears the burden of demonstrating that class certification is appropriate under Rule 23. Comcast Corp. v. Behrend, — U.S. —, 133 S. Ct. 1426, 1432 (2013) ("[A] party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23") (citation and quotation marks omitted).

If a party satisfies Rule 23(a), it "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." Id. Rule 23(b)(1) permits certification if the prosecution of separate actions "by or against individual class members would create a

# MEMORANDUM

risk of" either "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class" or "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."

Rule 23(b)(2) certifications are appropriate if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Certification under Rule 23(b)(3) is appropriate on a finding that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The Supreme Court has "emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Comcast, 133 S. Ct. at 1432 (citations and internal quotation marks omitted). This "analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." Id. (citations and internal quotation marks omitted).

## III.   DISCUSSION

Green seeks certification under Rule 23(b)(1) and (b)(3). The Court finds that Green has failed to meet the requirements for certification under Rule 23(b)(1) because she fails to provide any argument or evidentiary support for 23(b)(1) certification. (See Mem. of P & A in Supp. of Pl.'s Mot. for Class Certification (Pl.'s Certification Mot.) 20–21.) The Court further finds that, considering Comcast, the Ninth Circuit's mandate to the Court in Forrand v. Fed. Express Corp., 401 Fed. App'x 198 (9th Cir. 2010), and relevant California case law, Green again fails to meet Rule 23(b)(3)'s certification standard. As Green cannot justify certification of her proposed classes because she fails to meet the requirements for certification under Rule 23(b)(1) and Rule 23(b)(3), the Court does not analyze whether she has met the requirements of Rule 23(a).

### A.   Unpaid On-the-Clock Class

The Ninth Circuit has mandated that, as to the on-the-clock/off-shift-issue, the Court must "determine whether the level of FedEx's control over employees within the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

proposed general class when they are on-the-clock but off-shift is sufficient to render the on-the-clock but off-shift time compensable under California law, first, in determining whether Rule 23 certification is proper and, subsequently, in deciding the merits." Forrand, 401 Fed. App'x at 200. Specifically, the Court was directed to consider Rutti v. Lojack Corp., Inc., 596 F.3d 1046 (9th Cir. 2010) (separate opinion by Silverman, J.). Id. at 199.

In Rutti, Judge Silverman explained that "California law requires that employees be compensated for all time 'during which an employee is subject to the control of an employer.'" Id. (quoting Morillion v. Royal Packing Co., 22 Cal. 4th 575, 578 (2000)). "In defining 'control,' the Morillion court held employees were subject to the control of their employers when they are prevented from using 'the time effectively for [their] own purposes.'" See's Candy Shops, Inc. v. Super. Ct., 210 Cal. App. 4th 889, 910 (2012) (quoting Morillion, 22 Cal. 4th at 586) (internal quotation marks omitted).

As the Supreme Court reemphasized in Comcast, in order for Rule 23(b)(3)'s predominance requirement to be satisfied, a plaintiff must bring forth a measurement method that can be applied classwide *and* that ties the plaintiff's legal theory to the impact of the defendant's allegedly illegal conduct. Comcast, 133 S. Ct. at 1433 (rejecting the concept that "at the class-certification stage *any* method of measurement is acceptable so long as it can be applied classwide" and requiring plaintiffs bringing an antitrust suit to "tie each theory of antitrust impact to a calculation of damages" (citation and internal quotation marks omitted)). Here, Green proposes a method of measurement that can be applied classwide but that fails to tie California law to liability and a reliable measure of damages.

The propriety of Green's proposed classwide method of proof turns on whether "[c]locking in on a time clock necessarily means that the employee is under the control of the employer." (Pl.'s Certification Mot. 8.) It does not. While clocking in and clocking out are relevant to and probative of whether an employee is under an employer's control, they are far from dispositive and, standing alone, do not prove that an employee must be paid for the time spent off-the-clock but outside of the employee's scheduled start time. See See's Candy, 210 Cal. App. 4th at 910–11.

In See's Candy, decided after the Ninth Circuit's mandate issued, the California Court of Appeal considered whether it was proper to grant summary judgment on a class claim where the employer asserted that "[c]lockings made during the grace period accurately show when the employee punched in or out, but do not show the beginning and end of the employee's shift, *i.e.*, compensable time. Hours worked are not necessarily reflected in the time between two punches." 210 Cal. App. 4th at 909 (internal quotation marks omitted). The Court of Appeal explained that "[b]ased solely on this response in which See's Candy referred to its grace period policy, [plaintiff] argues (and the trial court found) that summary adjudication was proper because See's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Candy has now admitted violating California law by maintaining inaccurate time records." Id.  The court concluded that "[t]he argument is without merit." Id.

In See's Candy, the employer, See's Candy Shops, Inc., used a timekeeping punch-in system similar to FedEx's.  The See's Candy class members sought to hold See's liable for, among other things, a loss of compensation when employees "clocked in or out [of the employer's timekeeping system Kronos] during" a "'grace period,' defined as up to ten minutes before their scheduled start times and up to ten minutes after their scheduled quitting times." Id. at 893.  The Court of Appeal explained:

> See's Candy's grace period policy allows employees who have work schedules programmed into Kronos to clock in up to 10 minutes early and clock out up to 10 minutes late.  With respect to those time punches, the scheduled time — and not the punch time — determines the employee's pay because the employer assumes (based on its formal policy) that the employee is *not working* and *not under its control* during this time.
>
> But this difference between the punch time and the pay-calculation time during the grace period does not show See's Candy's time records are inaccurate for purposes of the summary adjudication motion.  The parties agree (at least for purposes of this writ petition) that under California law a grace period (the time during which an employee punches in before his or her compensable pay is triggered) is allowed if the employee is not working or is not under the employer's control.  To the extent an employee claims that he or she was not properly paid under this grace period rule, this claim raises factual questions involving whether the employee was in fact working and/or whether the employee was under the employer's control during the grace period.

Id. at 909.  As in See's Candy, Green's proposed class claim "raises factual questions" involving whether each individual "employee was in fact working and/or whether the employee was under the employer's control during the grace period."  See's Candy underscores the conclusion that individual factual inquiries predominate over classwide inquires.

In support of certification, Green points to her deposition testimony that when she was working as a handler she would begin work on certain tasks after she clocked-in but before her shift was scheduled to begin.  (Decl. of Andre E. Jardini in Supp. of Pl.'s Motion for Class Certification (Jardini Decl.), Ex. 8, Dep. of Yvette Green (Green Dep.), Sept. 29, 2008.)  But, as FedEx points out, Green also testified that "[n]ot everybody" clocked-in and began work prior to their scheduled start times.  (Decl. of Marseah N.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Farmer in Supp. of FedEx's Opp'n (Farmer Decl.), Ex. 8, Green Dep. 35:25–36:5.) Further, Green estimated that she worked 75 percent of the time before her scheduled start time and approximately 40 times after clocking-out. (Id. at 42:15–43:12, 44:7–45:20.) While she also brings forth other evidence, Green's testimony is illustrative of the type of particularized and individualized testimony that would be required to establish FedEx's liability as to unpaid on-the-clock time.

     FedEx has submitted declarations that further underscore the inappropriateness of Rule 23(b)(3) certification. For example, FedEx has provided a declaration of an Operations Manager at the FedEx Los Angeles hub facility that states that during the proposed class period employees who arrived early "were free to use the time for their own personal purposes except that they could not leave the premises or perform any work." (Farmer Decl., Ex. 12, Decl. of Cynthia M. Brown ¶ 8.) FedEx also provides a declaration regarding a San Diego FedEx facility that, by contrast, indicates that if employees clocked in early "they were free to use the time . . . for their own purposes, including leaving the facility and the property." (Farmer Decl., Ex 13, Decl. of Angela Funches ¶ 6.) The San Diego FedEx manager explained that "there was a private gym next door to the facility" and that "[e]mployees would arrive early, punch the time clock so they did not forget to do it later, and then go workout at the gym and return by their scheduled start time." (Id.) The differences between the Los Angeles hub facility and the San Diego MYFA facility highlight the individualized issues that render this class inappropriate for certification under Rule 23(b)(1).

     After conducting "a rigorous analysis" to determine whether class treatment is appropriate, in light of Comcast, the Court finds that Green has failed to demonstrate that class treatment under Rule 23(b)(3) is appropriate for her proposed unpaid on-the-clock-class.[3]

---

[3] At the hearing, Green's counsel made repeated reference to Bono Enters., Inc. v. Bradshaw, 32 Cal. App. 4th 968 (1995), disapproved on other grounds by Tidewater Marine W., Inc. v. Bradshaw, 14 Cal. 4th 557 (1996). In Bono, the California Court of Appeal considered a California Industrial Welfare Commission (IWC) order that defined "hours worked" as "the time during which an employee is subject to the control of an employer . . . ." and a decision of the State Labor Commissioner enforcing that order against an employer. 32 Cal. App. 4th at 971–72 (internal quotation marks omitted). Bono is relevant to Green's certification motion in that it is consistent with Rutti, 596 F.3d at 1061, Morillion, 22 Cal. 4th at 578, and See's Candy, 210 Cal. App. 4th at 910, which all held that "California law requires that employees be compensated for all time 'during which an employee is subject to the control of an employer.'" Rutti, 596 F.3d at 1061 (quoting Morillion, 22 Cal. 4th at 578). Bono merely stands for the proposition that an employee must be paid for time during which he or she "is subject to the control of an employer" and does not alter the Court's inquiry or conclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

### B. Working Meal Break Class

Green's proposed working meal break class suffers from the same fatal problem as her proposed unpaid on-the-clock class — the need for individualized fact inquiries dominates the determination of liability and damage issues. Under Brinker Rest. Corp. v. Super. Ct., 53 Cal. 4th 1004 (2012), "an employer is obligated to 'relieve its employee of all duty for an uninterrupted 30–minute period' in order to satisfy its meal-break obligations, but . . . the employer need not actually ensure that its employees take meal breaks." Chinese Daily News, 709 F.3d at 835–36 (quoting Brinker, 53 Cal. 4th at 1038). "If an employee works through a meal break, the employer is liable only for straight pay, and then only when it 'knew or reasonably should have known that the worker was working through the authorized meal period.'" Id. (quoting Brinker, 53 Cal. 4th at 1040 n.19).

In her motion for class certification, Green argues that certification is appropriate by: (1) referring to her own testimony stating that she could not recall ever receiving an uninterrupted 30 minute lunch break, (2) pointing to the declaration of a former FedEx manager of the Glendale and Marina Del Rey stations, (3) pointing to the testimony of Daniel Forrand, a FedEx employee who claims that he was required to work through unpaid meal breaks, and (4) describing the results of an analysis of data from the Foster litigation purporting to show that 23.1 percent of unpaid breaks were interrupted by work events. (Pl.'s Certification Mot. 14–15.) As with the clock-in and clock-out class, Comcast is instructive. While Green's evidence and method of proof is applicable to the class as a whole, it does not adequately tie Green's allegation that FedEx failed to pay employees for time spent working on meal breaks to a proper and reliable measure of damages for work done on those breaks, particularly as Green must prove that FedEx "knew or reasonably should have known that the worker was working through the authorized meal period." Green's evidence is, at best, probative of policies of certain job classifications at individual FedEx stations, but that is not the class she seeks to certify here. Green seeks to certify a class of "*all* hourly, non-exempt FedEx employees" in particular job classifications. Her proposed class is far too broad to pass the requisite "rigorous analysis" for class certification.

As to the Foster electronic evidence, FedEx points out that there is no single electronic method of keeping time and that most, but not all, of the couriers and service agents in Foster used a tracker to scan packages and record their start, end, and break times.[4] (Decl. of Ronald J. Carlson in Supp. of FedEx's Opp'n (Carlson Decl.) ¶ 10.)

---

[4] The Carlson Declaration provides additional reasons electronic scanner data may not accurately reflect whether an employee worked through an unpaid meal break period. (Carlson

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

This evidence, while relevant, is not enough to demonstrate that class certification is appropriate or that individual issues of proof do not predominate.

## IV.   CONCLUSION

While it is possible that a narrower proposed class could be certified as to the Unpaid On-the-Clock Class, that is not what Green proposes.  When considering relevant California law, the evidence Green has brought forth, and the evidence she proposes to use, it is clear that the proposed Unpaid On-the-Clock Class is too broad to be certified under Rule 23(b)(3).  Further, even if Green's proposed Working Meal Break Class satisfied the requirements of Rule 23(b)(3), it does not appear that she is an appropriate class representative.  Green's motion is DENIED.[5]

IT IS SO ORDERED.

---

Decl. ¶ 12–13.)

[5] The Court declines to rule on Green's objection to the Declaration of Michael P. Ward, (Docket No. 122), as it did not rely on Ward's declaration in finding that class certification is inappropriate.